UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENA HECKER, *et al.* )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EASY HEALTHCARE CORPORATION )<br>)<br>Defendant. ) | Case No.: 1:21-cv-0349<br><br>Hon. Steven C. Seeger |

**ORDER GRANTING CONDITIONAL CLASS CERTIFICATION &
PRELIMINARY APPROVAL OF STIPULATION OF SETTLEMENT**

The Court now takes up the Plaintiff's *Unopposed Motion for Preliminary Approval of Stipulation of Settlement Agreement and Release*. After review of said Motion and the supporting memorandum, the Court hereby finds as follows:

A. On May 16, 2023, the Named Plaintiff Jena Hecker and Defendant Easy Healthcare Corporation ("EHC") filed with this Court a *Stipulation of Settlement Agreement and Release* ("Settlement").

B. In Plaintiff's Unopposed Motion for Preliminary Approval, the Parties are seeking conditional class certification under Fed. R. Civ. P. 23 for damages for breach of contract, fraud, and violation of the Illinois Consumer Fraud & Deceptive Business Practices Act, 815 ILCS § 505/1 *et seq.* ("ICFA"), regarding EHC allegedly sharing personal identifying information and data regarding users of its "Premom" App in violation of its Privacy Policies.

C. This Court has duly considered all of the submissions presented with respect to the Settlement.

D. All capitalized terms in this Order Granting Conditional Class Certification & Preliminary Approval of Stipulation of Settlement with respect to the Settlement that are not otherwise defined have the same meaning as in the *Stipulation of Settlement Agreement and Release* document submitted by the parties.

1

NOW THEREFORE, after due deliberation and for good cause, this Court hereby ORDERS that:

1. For the reasons set forth in the Memorandum in Support of the Plaintiff's Unopposed Motion for Preliminary Approval of Stipulation of Settlement and Release, this Court finds that the Plaintiff Hecker has sufficiently met the numerosity, commonality, typicality, and adequacy elements under Rule 23(a) and the predominance and superiority elements under Rule 23(b)(3) regarding the claims set forth in the Third Amended Complaint. Specifically, the class is sufficiently numerous that joinder is impracticable. The members share common issues of fact and law. The Plaintiff has claims that are typical of those of the Premom Consumer Class since they arise out of the same policies and practices and course of conduct of which all class members complain. The Plaintiff is an adequate representative of their respective classes since her interests are co-extensive with those of the Premom Consumer Class and are not in conflict with them. Plaintiff has also retained experienced counsel to represent the class. Questions of law and fact common to the Premom Consumer Class predominate over individualized issues, and class treatment is a superior way to fairly and efficiently adjudicate this controversy. In turn, Plaintiff Jena Hecker is appointed as Rule 23 class representative for the following class of employees:

> All persons located in the United States who have registered to use EHC's Premom application onto their smart phones, tablets, or laptop computers with the Android or iOS operating software systems.

2. These findings warrant preliminary certification to effectuate the terms of the Settlement.

3. Attorneys Brendan J. Donelon and Daniel W. Craig of the law office of DONELON, P.C. are appointed as Class Counsel.

4. The Settlement appears to be fair, reasonable, and adequate. It is in the best interests of the Premom Consumer Class and should be preliminarily approved. This is true

especially in the light of the benefits to the settlement class accruing therefrom; the substantial discovery and investigation conducted by Class Counsel prior to the proposed Settlement; the complexity, expense, risks, and probable protracted duration of further litigation; and given the financial condition of EHC, and the Plaintiff's ultimate ability to collect.

5. The Court has reviewed the terms and conditions of the Parties' Settlement, including the monetary relief provisions, the Plan of allocation, the Released Claims, and the Parties' detailed description of the Settlement regarding the claims. Based on these papers and the Court's familiarity with this case, the Court finds that the proposed Settlement is the result of extensive, arms-length negotiations between the Parties after Class Counsel and EHC's counsel had fully investigated the claims and become familiar with the strengths and weaknesses of Plaintiff's claims. The assistance of an experienced mediator and the length of the mediation process confirms that the settlement is not collusive. Based on all these factors, the Court finds that the proposed settlement has no obvious defects and is within the range of possible settlement approval such that notice to the class members as set forth in the Settlement is appropriate.

6. The Court has reviewed Plaintiff's proposed incentive award request. The Court preliminarily approves the use of the proposed Gross Settlement Fund to compensate Plaintiff with an award of $2,000 to compensate Plaintiff for her role as the proposed Class Representative. This provisional award recognizes Plaintiff's actions in assisting in the prosecution of this litigation.

7. The Court has reviewed Class Counsel's proposed attorneys' fee and costs reimbursement request. The Court preliminarily approves awarding up to 20% from the Gross Settlement Fund ($150,000) in fees and $2,685.00 in reimbursable costs to compensate provisional Class Counsel for their reasonable fees and costs incurred in this hard-fought

litigation, subject to a formal motion for attorney's fees and costs being submitted by provisional Class Counsel on or before November 22, 2023.

8. For purposes of the Settlement, the Court approves Kurtzman Carson Consultants LLC as the Third Party Administrator ("TPA").

9. The Notice and Claim and Release Forms attached as Exhibits A and B to the Settlement Agreement fully and accurately inform the Premom Consumer Class of all material elements of the action and the proposed Settlement.

10. The Notice also advises the class members of their right to not participate in the Settlement and informs them of their right to assert an objection at a Fairness Hearing to be held before this Court. The class members must exercise their right to opt-out of the Settlement within 60 days of the issuance of the Notice.

11. The Parties propose to disseminate Notices for the Premom Consumer Class via the only known contact information for said persons: email. Given the facts and circumstances of this case, this Court finds that the form and method of disseminating the Notices to the "Premom Consumer Class," as provided in the Settlement, is the best notice practicable and fully meets the requirements of applicable federal and state law.

12. The Court also finds that the proposed form and content of the Claim and Release Form fully comports with the requirements of applicable federal and state law.

13. Based on the foregoing, the proposed Notices and Claim and Release Forms attached as Exhibits A and B are hereby approved by the Court.

14. Within twenty-one (21) days after entry of this Order, the TPA shall issue the Notices via email to the Premom Consumer Class.

15. The Court schedules a fairness hearing on December 20, 2023, at 10:30 a.m. to address: (a) whether the proposed Settlement should be finally approved as fair, reasonable, and adequate as to the Premom Consumer Class; and (b) Class Counsel's application for attorneys' fees, expenses and service award for Plaintiff.

Date: August 23, 2023

Steven C. Seeger
United States District Judge

5